WELLS, Judge.
These consolidated appeals arise from issues associated with the resentencing of defendant Delbis Diaz in lower tribunal case number F95-29916, following this court’s remand. See Diaz v. State, 913 So.2d 707 (Fla. 3d DCA 2005). In case 3D07-708, Diaz appeals the final order rendered October 23, 2006, which denied Diaz’ motion for disqualification of the trial judge. We find no merit to Diaz’ claim and accordingly affirm the order denying that motion. In cases 3D06-3141 and 3D06-3229, Diaz appeals the denial of his motions for post conviction relief, which argued that on resentencing, an illegal sentence was imposed. Diaz asserts that “[t]he Trial Court erred in finding that Appellant was a Habitual Offender without making the requisite statutory findings”; and that “[t]he Trial Court erred in failing to make the required findings to support a conviction for a third degree felony or a misdemeanor of the criminal mischief offense that was used for habitual offender enhancement.” In a supplemental brief filed on Diaz’ behalf, it is additionally argued that “during Mr. Diaz’ resentencing hearing, the trial court erred in relying on transcripts of an earlier sentencing hearing as proof that Mr. Diaz qualified to be sentenced as a habitual offender.” We likewise find no merit to any of these claims. The record confirms the sentence imposed was not an illegal sentence.
Accordingly, we affirm the consolidated cases.